The Honorable Ted C. Capeheart Circuit and Chancery Court Judge Ninth Judicial Circuit — West Post Office Box 546 Ashdown, Arkansas 71822
Dear Judge Capeheart:
This is in response to your request for an opinion concerning whether the registration requirements of the Sex and Child Offender Registration Act will apply to an individual sentenced under the First Offender Act to five years probation for sexual abuse in the first degree.[1] It is my opinion that the answer to your question is "yes."
Act 989 of 1997, the "Sex and Child Offender Registration Act of 1997," is codified at A.C.A. § 12-12-901 et seq. Act 989 provides in part that the registration requirements of the act apply to a person who isadjudicated guilty of a sexually violent offense, a sex offense, or an offense against a victim who is a minor. A.C.A. § 12-12-905 (Supp. 1997). Sexual abuse in the first degree, A.C.A. § 5-14-108, is classified as a "sex offense" for purposes of Act 989. A.C.A. § 12-12-903 (Supp. 1997). Further, for purposes of Act 989, "`Adjudication of guilt' or other words of similar import means a plea of guilty, a plea of nolo contendere, a negotiated plea, a finding of guilt by a judge, or a finding of guilt by a jury." A.C.A. § 12-12-903. In sum, the registration requirements of the Sex and Child Offender Registration Act are applicable to a person who enters a plea of guilty, a plea of nolo contendere, or a negotiated plea (as well as anyone who has been found guilty by a judge or a jury) to sexual abuse in the first degree.
The First Offender Act provides in part:
 (a)(1) Whenever an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the judge of the circuit or municipal court, criminal or traffic division, in the case of a defendant who has not been previously convicted of a felony, without entering a judgment of guilt and with the consent of the defendant, may defer further proceedings and place the defendant on probation for a period of not less than one (1) year, under such terms and conditions as may be set by the court.
 (2) Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided.
* * *
 (b) Upon fulfillment of the terms and conditions of probation or upon release by the court prior to the termination period thereof, the defendant shall be discharged without court adjudication of guilt,
whereupon the court shall enter an appropriate order which shall effectively dismiss the case, discharge the defendant, and expunge the record, if consistent with the procedures established in § 16-90-901 et seq.
A.C.A. § 16-93-303 (Supp. 1997) (emphasis supplied). This provision indicates that a judge may place an accused on probation without entering a judgment of guilt and the accused may ultimately be discharged without a court adjudication of guilt. This provision, however, clearly provides that the accused must enter a plea of guilty or nolo contendere before he or she is eligible for probation pursuant to the First Offender Act.
It appears that the phrase "adjudication of guilt" may not have the same meaning in both the Sex and Child Offender Registration Act and the First Offender Act. The fundamental rule of statutory construction is to give effect to the intent of the legislature, and when the statute is clear, it is given its plain meaning, which is presumed to reflect the legislative intent. Masterson v. Stambuck, 321 Ark. 391, 902 S.W.2d 803
(1995). Further, in construing an act, the courts are bound by specific definitions of a word by the legislature in that act, regardless of the usual and ordinary meaning of that word; unless the definition is arbitrary, creates obvious incongruities in the statute, defeats a major purpose of the legislation or is so discordant to common usage as to generate confusion. Second Injury Fund v. Yarbrough, 19 Ark. App. 354,721 S.W.2d 686 (1986); Bird v. Pan Western Corp., 261 Ark. 56,546 S.W.2d 417 (1977).
Therefore, with regard to whether the registration requirements of the Sex and Child Offender Registration Act are applicable to an individual, the courts are bound by the specific definitions found in Act 989. The registration requirements of the Sex and Child Offender Registration Act are clearly applicable to a person who enters a plea of guilty or a plea of nolo contendere to sexual abuse in the first degree. For an individual to be placed on probation pursuant to the First Offender Act, he or she must necessarily have entered a plea of guilty or nolo contendere. While such a plea is made prior to an adjudication of guilt under the First Offender Act, such a plea is an adjudication of guilt for purposes of Act 989. Consequently, it is my opinion that the registration requirements of the Sex and Child Offender Registration Act will apply to an individual sentenced under the First Offender Act to five years probation for sexual abuse in the first degree.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] The First Offender Act (Act 346 of 1975, as amended) is codified at A.C.A. § 16-93-301 et seq.